**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **ANGELIA BROWN,** *et al.,* | |
| **Plaintiffs,** | **Civil Action No. 1:22-cv-175-MRB** |
| **v.** | **Judge Michael Barrett** |
| **EMERY FEDERAL CREDIT UNION,** | |
| **Defendant.** | |

**UNOPPOSED MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

Pursuant to Rules 23 and 54 of the Federal Rules of Civil Procedure and this Court's Order

Granting Preliminary Approval of Class Action Settlement (ECF #84).  Plaintiffs Angelia Brown,

Angelia Mincey, and Joseph Taylor (collectively, the "Class Representatives" or "Plaintiffs"), by

their undersigned counsel, hereby submit their Motion for Final Approval of Emery Federal Credit

Union Class Action Settlement.  The reasons for this Motion are set forth in the attached

Memorandum of Support.

[SIGNATURES ON THE FOLLOWING PAGE]

Dated: March 10, 2025

Respectfully submitted,

/s/ Gregory M. Utter
Gregory M. Utter (0032528)
Callow + Utter Law Group
8044 Montgomery Road, Suite 170
Cincinnati, Ohio 45236
Phone: (513) 930-0741
Fax: (513) 429-3957
gmutter@callowandutter.com
*Co-Counsel for Plaintiffs*

/s/ Timothy F. Maloney
Timothy F. Maloney *(Pro Hac Vice)*
Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
Phone: (301) 220-2200
Fax: (301) 220-1214
tmaloney@jgllaw.com
*Co-Counsel for Plaintiffs*

/s/ Michael Paul Smith
Michael Paul Smith *(Pro Hac Vice)*
Melissa L. English *(Pro Hac Vice)*
Smith, Gildea & Schmidt, LLC 600
Washington Avenue, Suite 200
Towson, MD 21204
Phone: (410) 821-0070
Fax: (410) 821-0071
mpsmith@sgs-law.com
menglish@sgs-law.comm
*Counsel for Plaintiffs*

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

### I.  INTRODUCTION

Plaintiffs allege that Emery Federal Credit Union ("Emery"), and its brokers, employees and/or agents, participated in a benefit for referral scheme with All Star Title, LLC.  Specifically, Plaintiffs allege that certain of Emery's former employees received cash payments, marketing materials, and/or other benefits from All Star Title in exchange for the referral of residential mortgage loans to All Star Title for title and settlement services, in violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq*. and the Racketeer Influenced & Corrupt Organizations Act (RICO), 18 U.S.C. § 1962 (a) and (c).  *See* Second Amended Complaint, ("SAC"), ECF 60, PAGEID# 273.   Emery denies these allegations and denies any liability or wrongdoing in connection with Plaintiffs' allegations.  *See* Emery's Answer to Plaintiffs' SAC, ECF 73, PAGEID# 644-670.

The case was originally filed in the U.S. District Court for the District of Maryland where Emery simultaneously moved to dismiss and to transfer venue to this court.  Upon transfer to this court, Emery renewed its Motion to Dismiss before this Court.  The Court denied the Motion and discovery began.  As a result of discovery and ongoing discussions between the parties, as well as a full-day Settlement Conference before the Honorable Michael Barrett, the parties reached an agreement in settlement of both Plaintiffs' individual claims and class claims against Emery ("Settlement"), for which Plaintiffs moved for preliminary approval on December 17, 2024.  ECF. 82, Unopposed Motion for Preliminary Approval of Class Action Settlement.  This Court preliminarily approved the Settlement on December 19, 2024.  ECF. 84 Order Granting Preliminary Approval of Class Action Settlement.  Plaintiffs incorporate by reference their motion and this Court's Order granting preliminary approval.

For the reasons stated below, Plaintiffs request final approval of the Settlement from the Court pursuant to Fed. R. Civ. P. 23(e) and 54.

## II.   THE ADMINISTRATION OF THIS CLASS ACTION SETTLEMENT

### A.   The Preliminary Approval Order.

On December 19, 2024, the Court entered an Order granting preliminary approval of the Settlement Agreement reached between Plaintiffs and Emery.  The Court's Order found that those people meeting the following definition were certified as the Settlement Class for the purposes of this Settlement.  The definition is as follows:

> All individuals who were borrowers on a mortgage loan originated, brokered, or otherwise obtained from Emery Federal Credit Union for which All Star Title, Inc. provided a settlement service between January 1, 2011, and December 31, 2014. Excluded from the class are the named plaintiffs who settled their claims on an individual basis in *Solis, et al. v. Emery FCU*, No. 1:19-cv-387 (S.D. Ohio), any person employed by All Star Title, Inc., and all mortgage loan originators employed during the class period by Emery Federal Credit Union.

(hereinafter the "Settlement Class").  This Court further appointed Angelia Brown, Angelia Mincey, and Joseph Taylor as Class Representatives for the Settlement Class.

The Preliminary Approval Order also outlined the process by which the members of the Settlement Class would receive notice of the Settlement, set the deadlines and procedures for the submission of requests for exclusion and objection to the Settlement, and set the date for the Final Fairness Hearing.  ECF 84, Amended Preliminary Approval Order of the Class Action Settlement. Plaintiffs moved for, and this Court granted, a continuance until April 8, 2025 for the Final Fairness Hearing.

### B.   The Class Notice Reached Over 99% of Borrowers, Zero Objected to the Settlement and Zero Borrowers on Class Loans requested Exclusion

In accordance with the Preliminary Approval Order, the approved Notice of Class Action Proposed Settlement and Final Fairness Hearing was mailed via first-class mail by the approved

2

settlement administrator CPT Group, Inc. ("CPT"), to the class members on the 1,513 Class Loans on February 6, 2025. *See* Ex. 1, Declaration of Kusay Ghenniwa of CPT Group, Regarding Mailing of Notice to the Class, ¶5. CPT conducted an updated address search for any Notices returned as undeliverable, and re-mailed to any borrowers whose address information was updated. *Id.* at ¶9-7. Of the 1,526 Notices mailed, 1510, or 99%, have reached the borrower. *Id.* ¶7.

The deadline for class members to object to the Settlement or request exclusion is April 7, 2025. *Id.* at ¶10. As of the filing of this Motion, no requests for exclusion have been filed and no Objections have been filed. *Id.*, ¶ 10-11.

In addition, Emery has filed a notice pursuant to 28 U.S.C. § 1715 and paragraph 17.2 of the Settlement Agreement, demonstrating that it has sent a Notice of Proposed Class Action Settlement to all required Federal and State officials under the Class Action Fairness Act, *See* ECF 89, PageID 859-876. None of the recipients of that Notice have filed objections to the Settlement.

### C.    The Value of the Agreement

Emery agreed to pay a total Settlement amount of $3,950,000, which has been placed into a Settlement Fund. Pursuant to the Settlement Agreement the following disbursements will be deducted out of the Common Fund prior to distribution among the class members: Settlement Administrator Fee; Attorneys' Fees, Costs, and Expenses; and Class Representative Service Awards. *See*, ECF 82-1, ¶ 6-7, PAGEID# 741-749.

Class Counsel filed on March 7, 2025 an Unopposed Petition for Attorneys' Fees and Expenses and for Class Representatives' Service Awards, seeking an award of $1,185,000, or 30% of the Settlement Fund in fees and expenses, and Class Representative Service Awards totaling $4,500. ECF 90.

After deducting the Settlement Administrator's fee, Attorneys' Fees and Costs awarded, and Class Representative Service Awards awarded, the amount remaining in the Settlement Fund will be divided by the 1,513 Emery Class Loans and a check will be mailed to the borrower(s) on the Emery Class Loan (jointly payable in the case of co-borrowers). ECF 82-1, ¶7, PAGEID# 742-746. If 100 days after completion of the first distribution, there are sufficient funds remaining in the Common Fund to distribute at least $20.00 to each Class Member who timely negotiated their Settlement Check, the Settlement Administrator will make a second distribution. After deducting the administrative costs of a second distribution, the remaining funds in the Settlement Fund will be divided equally among and distributed to those Class Members who timely negotiated the first distribution check. Any funds remaining more than 330 days after Finality of the Settlement, as that term is defined within the Settlement Agreement, will be distributed to Habitat for Humanity. *See id.*

## III. THE PROPOSED SETTLEMENT MEETS THE CRITERIA FOR FINAL APPROVAL

The Sixth Circuit has established a three-step procedure for approval of a class action settlement. *Williams v. Vukovich*, 720 F.2d 909, 920-21 (6th Cir. 1983). First the court must preliminarily approve the proposed settlement, then, members of the class must be given notice of the proposed settlement, and finally, after holding a hearing, the court must give its final approval of the settlement. *Id.* at 921.

Under Federal Rule 23(e)(2), a class action settlement should be finally approved upon the court's finding, after a hearing, that the settlement is "fair, reasonable, and adequate." Further, "[i]n making this determination, the court evaluates the proposed class action settlement in light of the general federal policy favoring the settlement of class actions." *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 593 (E.D. Mich. 2006). Because settlement is the "preferred means of

4

dispute resolution, there is a strong presumption by courts in favor of settlement." *In re Telectroncis Pacing Sys.*, 137 F.Supp.2d 985, 1008 (S.D. Ohio 2001).

The Sixth Circuit has established seven factors for a district court to consider in deciding whether a settlement is "fair, reasonable, and adequate." (the "*UAW* Factors"):

> (1) the risk of fraud or collusion, (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class member; and (7) the public interest.
> *UAW v. Gen Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

With preliminary approval granted and the notice process completed, the Court should lastly find that the Settlement satisfies all of the *UAW* Factors and grant final approval of the Settlement at the April 8, 2025 Hearing.

### A.      There is No Risk of Fraud or Collusion

The first *UAW* Factor supports final approval of the Settlement because there is no risk of fraud or collusion.  The settlement was the result of arms-length negotiations conducted by experienced counsel for both parties following many years of contentious litigation.  Settlement negotiations were adversarial and focused on questions of both Parties' ability to prove their case in chief.  Moreover, it took a full-day settlement conference with Judge Barrett before settlement was reached, further supporting the lack of any collusion. *See Michel v. WM Healthcare Solutions, Inc.*, No. 1:10-CV-638, 2014 U.S. Dist. LEXIS 15606, at *25 (S.D. Ohio Feb. 7, 2014) ("The involvement of two different plaintiffs' firms, two different defense firms, and an independent mediator greatly decreases the risk of fraud or collusion."); *Hainey v. Parrott*, 617 F. Supp. 2d 668, 673 (S.D. Ohio 2007) ("The participation of an independent mediators in the settlement negotiations virtually assures that the negotiations were conducted at arm's length and without collusion between the parties.")

There is also no concern of any fraud. Aside from their petition for Service Awards, which are subject to this Court's approval, the Class Representatives are receiving the same benefits as all Class Members. In addition, as described in Class Counsels' Petition for Attorneys' Fees, Class Counsel specifically negotiated a substantial, maximized, and collectable benefit for Class Members, payable without the time and expense of a claims process. *See* ECF 90, Petition for Attorneys' Fees and for Class Representatives' Service Awards. The settlement reached will allow *all* Class Members to recover from Emery an amount which far exceeds the nominal sum. Finally, Class Counsels' request for attorneys' fees was a reasonable amount of the Settlement Fund and a reasonable multiple. *Bower v. MetLife, Inc.*, No. 1:09-cv-351, 2012 U.S. Dist. LEXIS 149117, at *23 (S.D. Ohio Oct. 17, 2012) (lodestar multiplier of 1.75 supports reasonableness of fee request and within range of multipliers approved in Southern and Northern Districts of Ohio and affirmed by the Sixth Circuit) (collecting cases).

## B. The Complexity, Expense and Likely Duration of the Litigation

The second *UAW* Factor also favors final approval because this litigation was complex and expensive and taking the case through trial would have posed serious risks to both Class Members and Emery.

In both size and scope of participation, Emery and All Star Title's alleged kickback scheme represents a complex and involved case. Plaintiffs have alleged a violation of both RESPA and RICO in their Complaint. Litigating this case has involved examining a myriad of issues and combing through thousands of documents to piece together what Plaintiffs contend was a hidden kickback scheme. In their complaint, Plaintiffs outlined an alleged scheme that covered 74 pages consisting of 299 paragraphs, and over 100 pages worth of exhibits. The scheme alleged by the Plaintiffs is specifically structured to be hard to track or discover because, among other reasons,

many of the alleged kickbacks were paid through third party companies for marketing materials and other things of value. Defendants both disputed the legal merits of Plaintiffs claims and raised limitations and other non-trivial affirmative defenses and have consistently contested these allegations. Class Counsels' Petition for Attorneys' Fees documents the significant investment of time and resources through this stage in the proceedings.

        C.        **The Amount of Discovery Engaged in by the Parties**

The discovery engaged in by the parties also supports final approval. Prior to settlement, the parties engaged in discovery over the course of many months. The parties exchanged several sets of discovery requests, negotiated over potential discovery to facilitate both parties having access to the information they need to make informed decisions, and conducted multiple depositions before reaching this settlement.

As described in Plaintiffs Motion for Fees and Expenses, the discovery in this case does not exist in a vacuum. Defendant and Class Counsel engaged in contentious discovery over the course of a full year in an unrelated case brought against Emery by plaintiffs who were also represented by Class Counsel, *Palombaro, et al. v. Emery Federal Credit Union*, No. 1:15-cv-00792-SJD. During that discovery, Class Counsel, on behalf of the *Palombaro* plaintiffs, issued 39 third-party subpoenas; reviewed tens of thousands of bank records and loan documents; and the parties conducted thirteen depositions. While those discovery materials are not relevant to the present case, they are indicative of the potential scale and scope of discovery that would be required going forward. The discovery in this case, within the context of the extensive discovery conducted in the previous case, allowed the Plaintiffs to evaluate the strengths and weaknesses of their claims and defenses in the case and to make an informed decision to settle this matter.

### D. The Likelihood of Success on the Merits

The Settlement provides immediate relief to Plaintiffs and Class Members and eliminates the risks that Plaintiffs would otherwise bear, like all complex commercial cases and class actions, were the litigation to continue. Although Plaintiffs felt confident in their case against Emery due to the extensive pre-certification discovery they conducted supporting the merits of the case – the "who got and gave what, how much and when" – the defenses articulated by Emery raised potential obstacles to recovery, particularly regarding the issues of statute of limitations and equitable tolling. By settling now, these risks are eliminated, and the Settlement Class is guaranteed to obtain recovery now, rather than years from now (or no recovery at all.)

### E. The Opinions of Class Counsel and Class Representatives

The fifth *UAW* factor also favors final approval. In its Preliminary Approval Order, the Court appointed Michael Paul Smith and Melissa English of Smith, Gildea & Schmidt, LLC. Timothy Maloney of Greenwald & Laake, P.A., and Gregory Utter of Callow + Utter Law Group as Class Counsel, who now seek final approval of the Settlement. *See* ECF 84, PAGEID# 792. Based on the comprehensive investigation, along with Class Counsels' knowledge and experience in complex civil litigation, the Court should agree with Class Counsel's recommendation that the Court grant final approval. Class Counsel's thorough evaluation of the significant risks in proceeding through length discovery and trial and finding that the Settlement secures a favorable recovery from Emery that may not be possible following a successful trial on the merits, also supports final approval.

### F. The Class Members Support Settlement

As stated above, as of the filing of this motion ***no*** Class Members objected to the Settlement, and no Class Members have requested exclusion. As a result, of the Class Members

that have received notice 100% have sought to participate in the Settlement, which should be viewed as an endorsement of the Settlement.  *See in re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369 (S.D. Ohio 2006) (where lack of objections to an over 5,000 member settlement indicated that the Class supports the settlement).

### G.      The Settlement is Fair and Serves the Public Interest

Finally, the seventh *UAW* Factor strongly favors final approval of the Settlement.  The Settlement serves the public interest not only by ensuring a significant recovery to the maximum number of affected consumers, but also by conserving the resources of the parties and the Court. Resolving the case now will also eliminate any risk of the Settlement Class recovering a fraction of their Settlement Benefit, or nothing at all, following a trial on the merits, and promotes the "strong public interest in encouraging settlement of complex litigation and class action suits." *UAW v. Ford Motor Co.*, 2006 U.S. Dist. LEXIS 70471, at *78 (S.D. Ohio 2007) ("Public policy generally favors settlement of class action lawsuits.")

Moreover, the public interest clearly favors "protect[ing] [consumers] from unnecessarily high settlement charges caused by certain abusive practices" in the settlement process.  12 U.S.C. § 2601; *see also Stinson v. Delta Mgmt. Assocs.*, 302 F.R.D. 160 (S.D. Ohio 2014) (finding that a class action settlement involving FDCPA violations serves the public interest by protecting consumers against debt collection abuses).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the proposed

Final Approval Order and Final Judgment Order attached to this Motion.

Respectfully Submitted,

*/s/ Gregory M. Utter*
Gregory M. Utter  (0032528)
Callow + Utter Law Group
8044 Montgomery Rd, Suite 170
Cincinnati, OH  45236
Phone: (513) 930-0741
Fax: (513) 579-6457
gmutter@callowandutter.com
*Co-Counsel for Plaintiffs*

*/s/ Timothy F. Maloney*
Timothy F. Maloney, *Pro Hac Vice*
Joseph, Greenwald & Laake
6404 Ivy Lane, Suite 400
Greenbelt, MD  20770
Phone: (301) 220-2200
Fax: (301) 220-1214
tmaloney@jgllaw.com
*Co-Counsel for Plaintiffs*

*/s/ Michael P. Smith*
Michael P. Smith, *Pro Hac Vice*
Melissa L. English, *Pro Hac Vice*
Smith, Gildea & Schmidt, LLC
600 Washington Avenue, Suite 200
Towson, MD  21204
Phone: (410) 821-0070
Fax: (410) 821-0071
mpsmith@sgs-law.com
menglish@sgs-law.com
*Counsel for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

       I hereby certify that on March 10, 2025, a copy of the foregoing was served via the Court's CM/ECF system to counsel of record for the parties.

                                           */s/ Gregory M. Utter*
                                           Gregory M. Utter  (0032528)

11